UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
8:15 am Sep 09 2021
Clerk U.S. District Court
Northern District of Ohio
Cleveland

| | |
|---|---|
| ARTHUR MCDANIEL, ) | CASE NO. 1:21 CV 1475 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| CUYAHOGA COUNTY ) | |
| COMMON PLEAS COURT, et al. ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Arthur McDaniel brings this civil rights action against the following defendants: "Cuyahoga County Common Pleas Court and Judge"; "Richmond Heights Police Department and Chief"; Gregory Patterson, Richmond Heights Detective; "Lyndhurst Municipal Court and Prosecutor and Judge"; "Eighth Appellate District Court of Ohio and Judges"; Attorney Tyrone Reed; "Cuyahoga County Jail and Administration"; "Lorain Correctional Prison and Warden"; "Lake Erie Correctional Prison and Warden"; "Marion Correctional Prison and Warden"; "Richland Correctional Prison and Warden"; Prosecutor Kelly N. Mason; Prosecutor Michael Lisk; and Governor Mike DeWine (Doc. Nos. 1, 3, and 4).

For the reasons that follow, Plaintiff's Complaint is dismissed.

### I. Background

Plaintiff filed an initial Complaint on July 28, 2021 (Doc. No. 1). He then filed an Amended Complaint ("First Amended Complaint") on August 2, 2021, adding new party

defendants (Doc. No. 3). On August 27, 2021, Plaintiff filed a Motion to amend his complaint, in which he appears to request leave to make additional statements or claims (Doc. No. 4) ("Second Amended Complaint"). The Court granted Plaintiff's Motion on September 1, 2021. In Plaintiff's First Amended Complaint, Plaintiff indicates that "due to [his] indigency," he has filed his complaint in "three separate mailing envelopes." (Doc. No. 3 at 1). Because Plaintiff has demonstrated an intent for the amended pleadings to supplement rather than supersede the original pleading, the Court will consider the three pleadings as one "Complaint." *See Braden v. United States*, 817 F.3d 926, 930-31 (6th Cir. 2016).

After the Court granted Plaintiff's Motion for leave to amend his Complaint (Doc. No. 4), Plaintiff filed two additional motions seeking leave to amend his Complaint to include claims under 42 U.S.C. §§ 1983 and 1985 (Doc. Nos. 6 and 9). These motions purport to add civil rights claims. The Motion filed on September 3, 2021 (Doc. No. 6) does not include a proposed amended complaint; rather, it consists of essentially one paragraph stating that "Plaintiff...would like to demonstrate the essentiality thereof the combination...of his request to the integrations of these civil rights acts and civil rules," without providing the Court with any allegations involving civil rights claims. (Doc. No. 6). The Motion filed on September 7, 2021 (Doc. No. 9) purports to claim that Stanley Carlton Betts, Jr. violated his civil rights by framing Plaintiff or "set[ting] him up." (Doc. No. 9 at 1). In this Motion, he also states that Plaintiff "is suing Mr. Thomas A. Rein in conjunction to this case" for Mr. Rein's "direct involvement to commit crimes against civil rights laws and criminal laws, against the Plaintiff." (*Id.* at 2).

Plaintiff's Complaint consists of pages of conclusory allegations of purported wrongdoing by the defendants in the course of his criminal proceedings in state court. He

-2-

asserts that he is innocent of any wrongdoing and attempts to refute all of the evidence presented against him at the state court proceedings.

Plaintiff's allegations include the following: Richmond Heights Police Department, Police Chief, and Detectives arrested Plaintiff without a proper warrant, and "no Miranda warning [was] given"; Detective Gregory Patterson threatened his wife when she attempted to telephone an attorney; the Lyndhurst Municipal Court failed to properly arraign him; the Cuyahoga County Common Pleas Court "and judge and prosecution" did not have jurisdiction to indict him or hold grand jury trial proceedings against him; the jury contained friends and co-workers of Prosecutor Mason; and the judge failed to acquit him and the prosecutors (Mason and Lisk) failed to prove Plaintiff's guilt. (Doc. No. 1 at 4-6).

Plaintiff's Complaint includes further comments about the judge and the "young white female prosecutor" who "flirted with the judge and he flirted back." (Doc. No. 3 at 3). Plaintiff claims the judge "display[ed] admiration [[for the prosecutor], shamelessly and unethically during trial." (*Id.*)

Plaintiff does not appear to make any specific allegations concerning the prison defendants. Plaintiff alleges, however, that each of the prisons "committed damages" and Governor DeWine is "accountable for criminal mistreatment within his prisons." (Doc. No. 3 at 6-7). Plaintiff also alleges that the "Eighth Appellate District of Ohio...committed damages." (*Id.* at 7). Plaintiff seeks immediate release from prison and forty million dollars in damages.

## II. Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court

concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 U.S. App. LEXIS 1494 , at *5 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197 (6th Cir. 1996)). The courts, however, are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

Plaintiff is professing his innocence of the charges filed against him in state court proceedings, claiming that he has been wrongfully convicted. Because Plaintiff is attempting to collaterally attack his criminal conviction in a civil rights action, his action is barred. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence, or other harm caused by actions whose alleged unlawfulness would render the conviction or any part of the sentence invalid, a plaintiff must first show that the underlying conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A prisoner may therefore not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S. at 486-87. The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Wilson v. Kinkela*, 145 F.3d 1335 [published in full-text format at 1998 U.S. App. LEXIS 9341], 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).

Here, Plaintiff's claims against the defendants concerning his arrest, indictment, grand jury proceedings, and trial necessarily imply the invalidity of his conviction in his criminal case. And there is no suggestion in his complaint that his conviction has been set aside or his sentence

has been invalidated in any of the ways articulated in *Heck*. Plaintiff's Complaint therefore alleges no cognizable civil rights claim and dismissal of his case is required on this ground alone. *Edwards*, 520 U.S. at 646; Heck, 512 U.S. at 486-87; *see also Clements v. Brimfield Twp.*, No. 1:12 CV 1180, 2012 U.S. Dist. LEXIS 162598, at *28 (N.D. Ohio Nov. 14, 2012) (finding the plaintiff's false arrest claims would call into question the validity of his conviction and are therefore barred by *Heck*).

And to the extent Plaintiff is seeking release from prison, his Complaint fails to state a cognizable claim. The Supreme Court has clearly held that "[w]hen a state prisoner challenges the very fact or duration of his physical imprisonment and by way of relief seeks...immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus," which Plaintiff has not properly sought here. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

Finally, Plaintiff alleges that Detective Patterson threatened his wife. (*See* Doc. No. 1 at 4). To the extent Plaintiff is attempting to bring a claim on behalf of his wife, this claim is dismissed.

A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).  A *pro se* litigant, however, may not represent anyone other than himself or herself. *See e.g. Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but [he] cannot be represented by a nonlawyer"); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney

for others than himself"); *see also Jackson v. Kment*, E.D.Mich. No. 13 CV 10819, 2016 U.S. Dist. LEXIS 33684, * 20 (Mar. 16, 2016) (finding Plaintiff lacks standing to seek injunctive relief on behalf of "his friends and family members"). And an adult litigant who wishes to proceed *pro se* must personally sign the Complaint or Petition to invoke the Court's jurisdiction. *Steelman v. Thomas*, 848 F.2d 194 (6th Cir. 1988); *Banks v. Valaluka*, N.D.Ohio No. 1:15 CV 1935, 2015 U.S. Dist. LEXIS 156558, * 23 (Nov. 18, 2015) (citing 28 U.S.C. § 1654).

Upon review, the Court finds that Plaintiff's wife is not a party to this action, nor did she sign the Complaint. The Court is therefore without jurisdiction to hear Plaintiff's wife's purported claims. To the extent that Plaintiff seeks to represent his wife's interests, there is no indication from any of the pleadings that Plaintiff is an attorney licensed to practice law. Plaintiff therefore lacks standing to represent his wife's interests.

Plaintiff's Complaint fails to state a plausible claim upon which relief may be granted, and therefore, this action must be dismissed in accordance with §1915A.

To the extent Plaintiff seeks leave to add claims under §§1983 and 1985 (Doc. Nos. 6 and 9), his motions are denied. In his Motion seeking to add claims under §1983, it appears that Plaintiff wishes to add two private parties to the claims concerning his challenge to his conviction in state court. These claims would suffer the same fate as Plaintiff's claims against the other defendants, and under *Heck*, Plaintiff cannot state a plausible claim. Plaintiff's Motion to add §1983 claims (Doc. No. 9) is therefore denied. In his Motion seeking to add claims under §1985 (Doc No. 6), Plaintiff fails to provide the Court with any facts suggesting he would have a viable claim under §1985, and it is therefore also denied.

IV. Conclusion

For the foregoing reasons, Plaintiff's Complaint (Doc. Nos. 1, 3, and 4) is dismissed pursuant to 28 U.S.C. §1915A.

As the docket indicates Plaintiff paid the filing fee in this case, his Motion to Proceed In Forma Pauperis (Doc. No. 2) is denied as moot. Additionally, Plaintiff's "Motion for leave to request jury demand" (Doc. No. 5) and "Motion for leave to Commence (Compelled) Interrogatories" (Doc. No. 7) are denied as moot. And Plaintiff's Motions for Leave to amend the complaint to add claims under 42 U.S.C. §§ 1983 and 1985 (Doc. Nos. 6 and 9) are denied.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

_____
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**